UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL CADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01393-AGF |
| | ) | |
| SPECIFIED CREDIT ASSOCIATION 1, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

In the three months since Plaintiff filed this Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., action, the parties have submitted three motions regarding the propriety of the action in light of Plaintiff's Chapter 7 bankruptcy in the bankruptcy court. (*See* Docs. No. 12, 16 & 19.) The crux of these motions is whether Plaintiff has standing to pursue this lawsuit or whether the Chapter 7 bankruptcy trustee, Fredrich J. Cruse, has exclusive standing to prosecute this cause of action.

Defendant filed a motion to dismiss Plaintiff's first amended complaint,[1] arguing that the lawsuit is part of the bankruptcy estate, and Plaintiff therefore lacks standing. (*See* Doc. No. 12.) Plaintiff opposed Defendant's motion, arguing that the trustee abandoned the bankruptcy estate's interest in this proceeding, and Plaintiff therefore

---

[1] Defendant previously filed a motion to dismiss Plaintiff's original complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 9.) Six days later, Plaintiff amended her complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). In light of the amended complaint, which Defendant has also moved to dismiss, Defendant's first motion to dismiss will be denied as moot.

regained standing. (Doc. No. 14.) Plaintiff also noted that she filed a motion in the bankruptcy court to compel abandonment of the assets, and Plaintiff asked this Court to delay ruling on the motion to dismiss until the bankruptcy court ruled on the abandonment of assets issue. (*Id.*)

Before the Court ruled on the motion to dismiss, Plaintiff filed a motion for leave to file a second amended complaint to add the trustee as a plaintiff in this lawsuit. (Doc. No. 16.) Defendant opposed that motion, arguing that the change in parties would cause the complaint to be time-barred. (Doc. No. 17.)

Soon thereafter, the bankruptcy court granted Plaintiff's motion to compel abandonment of assets, and Plaintiff moved in this Court to withdraw her motion for leave to file a second amended complaint. Plaintiff argued that because the bankruptcy court's order allowed Plaintiff to regain standing to pursue this lawsuit, there was no longer any need to name the trustee as a plaintiff in this case. (Doc. No. 19.) Defendant opposed Plaintiff's motion solely on the ground that the bankruptcy court's order was not yet final and was subject to additional motions still pending in the bankruptcy court, including Defendant's motions for findings of fact, to compel the trustee to perform his duties, and for other relief. (Doc. No. 20.) Defendant alleged that at least one of its motions was scheduled for hearing in the bankruptcy court on November 24, 2014. (*Id.*) Defendant stated that should relief finally be denied by the bankruptcy court, it would then file an appeal. (*Id.*)

In light of these facts, the Court ordered the parties to show cause, on or before November 24, 2014, why this action should not be stayed for 30 days to permit further

proceedings in the bankruptcy court. (Doc. No. 21.) Only Defendant responded to the show cause order. In its response, Defendant suggests that the bankruptcy court's order is now final, but Defendant has filed a notice of appeal. Defendant asks the Court to stay proceedings in this case for 60 days in light of the appeal. (Doc. No. 22.)

After careful consideration, the Court declines to stay this case during the pendency of the appeal, which may take months to resolve. Because the bankruptcy court's order granting Plaintiff's motion to compel abandonment of assets is now final, the Court will reach the merits of the parties' motions in this case.

In its motion to dismiss, Defendant correctly notes that when a debtor files for Chapter 7 bankruptcy, "all of the debtor's assets become part of the bankruptcy estate." *Schwab v. Reilly*, 560 U.S. 770, 774 (2010) (citing 11 U.S.C. § 541(a)(1)). This includes causes of action pending at the time of filing. *See In re Ozark Rest. Equip. Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir. 1987). For this reason, authorities have generally agreed that "a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee." *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985).

However, if the trustee abandons the cause of action, the debtor regains standing. *See* 11 U.S.C. § 554; *Harris v. St. Louis Univ.*, 114 B.R. 647, 649 (E.D. Mo. 1990). In this case, Defendant does not dispute that the bankruptcy court has ordered the trustee to abandon this cause of action. *See In re Cade*, No. 14-45092, Doc. No. 30 (Bankr. E. D. Mo. Oct. 31, 2014). And upon entry of the bankruptcy court's order, Plaintiff regained

standing to pursue this suit. Therefore, at this stage, the Court will deny Defendant's motion to dismiss.

For the same reasons, the Court will grant Plaintiff's motion to withdraw her motion for leave to file a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's first amended complaint is **DENIED**. (Doc. No. 12.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw her motion for leave to file a second amended complaint is **GRANTED**. (Doc. No. 19.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a second amended complaint is deemed **WITHDRAWN**. (Doc. No. 16.)

**IT IS FURTHER ORDERED** that Defendant's prior motion to dismiss, which was directed to Plaintiff's original complaint, is **DENIED as moot**. (Doc. No. 9.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2014.